**In the Matter of Thomas J. ASHTON, Jr. and Linda M. Ashton, individually and d/b/a the Sports Section, Debtors,**

**MONTGOMERY WARD & COMPANY, INC., Plaintiff,**

v.

**Thomas ASHTON and Linda Ashton, Defendants.**

**Bankruptcy No. 84–00060 E. Adv. No. 84–0052.**

United States Bankruptcy Court, W.D. Pennsylvania.

June 26, 1985.

Alan E. Cech and Bernstein & Bernstein, Pittsburgh, Pa., for plaintiff.

Bruce M. Johnson and Bozic, Thomas & Johnson, Meadville, Pa., for defendants/debtors.

William Pineo, Meadville, Pa., pro se for trustee.

MEMORANDUM AND ORDER ON COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT UNDER 11 U.S.C. § 523(a)(2)(C)

WM. B. WASHABAUGH, Jr., Bankruptcy Judge:

The Plaintiff filed the within action to determine the dischargeability of the obligation of the debtors for purchases of $2,209.40 worth of merchandise on credit within forty days of filing bankruptcy petition February 9, 1984 under 11 U.S.C. Section 523(a)(2)(C) which provides a discharge in bankruptcy does not release a debtor from liability for consumer debts owed to a single creditor:

"(2) for money, property, services, or an extension, renewal, or refinancing of credit,....

(C) ... aggregating more than $500 for "luxury goods or services" incurred by an individual debtor on or within forty days before the order for relief under this title, or cash advances aggregating more than $1,000 that are extensions of consumer credit under an open end credit plan obtained by an individual debtor on or within twenty days before the order for relief under this title, are presumed to be nondischargeable: "luxury goods or services" do not include goods or services reasonably acquired for the support or maintenance of the debtor or a dependent of the debtor; ..."

The debtor admitted at the hearing held August 17, 1984 that he had consulted an attorney about the filing of a bankruptcy petition at the time of the purchases and that the debts of the business enterprise exceeded its assets, which fact is further apparent from the statements of assets and liabilities of $95,815.00 and $364,259.20, respectively in the schedules he filed in the within case March 21, 1984.

The purchases were made during a twenty day period from December 12 to December 31, 1983 and were principally for a Commodore Perry computer and auto parts not for necessary items for personal or household use of himself or a dependent and the debtor said he knew he was two months behind in his rent at that time. His attempt to justify the credit purchases on the basis of negotiations in a trip to Las Vegas for a $500,000.00 loan to refinance his business of which he produced no documentation, supporting testimony or reasons to believe the loan would be granted is wholly unconvincing in the face of his above recited admissions in respect to his financial condition and the fact that he knew his lease was about to be terminated because of his rent arrearages. Under the circumstances, the Court has no alternative to that of concluding the debtor knew he was insolvent and made the subject purchases on credit in contemplation of avoiding payment therefor by the filing of a petition in bankruptcy.

It is ORDERED, ADJUDGED and DECREED for the foregoing reasons that debtors' obligation to pay Montgomery Ward & Co., Inc. the sum of $2,209.40 for the above referred to items within forty days of the filing of the bankruptcy petition is non-dischargeable within the meaning of 11 U.S.C. § 523(a)(2)(C) and judgment is hereby entered in favor of Montgomery Ward & Company, Inc. and against the Defendants Thomas Ashton and Linda Ashton for the sum of $2,209.40 and costs and interest as moved for and it is directed that a certified copy hereof be filed in the Office of the Clerk of the United States District Court of the within District, sec. reg.