**In re Clyde DAVIS and Sharon Davis, Debtors.**

**FIRST SECURITY BANK OF IDAHO and Bonners Ferry Datsun, Plaintiffs,**

v.

**Clyde E. DAVIS and Sharon J. Davis, Defendants.**

Bankruptcy No. 284–00431.
Adv. No. 285/0027.

United States Bankruptcy Court, D. Montana.

Dec. 20, 1985.

Susan Hufman, Libby, Mont., for plaintiffs.

Scott B. Spencer, Libby, Mont., for debtors.

ORDER

JOHN L. PETERSON, Bankruptcy Judge.

The Plaintiffs First Security Bank of Idaho and Bonners Ferry Datsun filed a Complaint objecting to the discharge of the Debtors under Section 523(a)(2)(C). After service of Summons and Complaint, the Defendant Debtors filed their answer denying the material allegations of the Complaint and set forth in affirmative defense that the automobile in question is a necessity for the use of the Debtors and their family. Thereafter the parties filed a "Stipulation of Agreed Facts" and both parties have filed Motions For Summary Judgment. The parties have agreed to submit this matter to the Court without hearing on the basis of the agreed facts and their respective motions and memorandums.

The agreed facts of the parties are as follows:

Debtors Clyde and Sharon Davis entered into a Retail Installment Contract dated November 26, 1984, whereby Bonners Ferry Datsun was the seller and First Security Bank of Idaho was the assignee of said contract. A copy of the contract is attached to the objection to discharge of the Debtors, marked Exhibit "A" and made a part of that objection. The 1984 Plymouth Voyager Van was delivered to the Debtors Clyde and Sharon Davis on November 26, 1984. The 1984 Plymouth Voyager Van was a used vehicle. Debtors Clyde and Sharon Davis used their 1982 Datsun Sentra automobile as a trade-in on the 1984 Plymouth Voyager Van on November 26, 1984. Clyde and Sharon Davis signed the Debtors' joint Petition For Bankruptcy on December 4, 1984. Sharon Davis went to the Lincoln County Treasurer's office on December 11, 1984 and paid $131.33 and received the owner's Certificate of Registration and payment receipt for the 1984 Plymouth Voyager Van. The Bankruptcy Court entered its order for relief on December 17, 1984, the date of the bankruptcy filing. Proof of Claim was filed by the First Security Bank of Idaho on February 17, 1985, in the amount of $9,206.00 regarding the debt on the 1984 Plymouth Voyager Van.

The issue stated by the Plaintiffs is whether the vehicle purchased by the Debtors within 40 days before the order for relief is a luxury good under Section 11 U.S.C. 523(a)(2)(C) when the purchasers at the time of purchase already owned a working vehicle and used the same for trade in of the new vehicle.

Under 11 U.S.C. 523(a)(2)(A) and (C), as amended by the Bankruptcy Amendments and Federal Judgeship Act of 1984, P.L. 98–353 (effective October 8, 1984), a debt is not dischargeable:

"(2) for money, property, services, or an extension, renewal or refinancing of credit, to the extent obtained by—

(A) false pretenses, a false representation, or actual fraud, other than a statement respecting the Debtor's or an insider's financial condition;

\*　　\*　　\*　　\*　　\*　　\*

(C) for the purposes of subparagraph (A) of this paragraph, consumer debts owed to a single creditor and aggregating more than $500 for 'luxury goods or services' incurred by an individual debtor on or within forty days before the order for relief under this title,— are presumed to be non-dischargeable; 'luxury goods or services' do not include goods or services reasonably acquired for the support or maintenance of the debtor or a dependent of debtor; —"

Consumer debt is defined in the Code as a debt incurred by an individual primarily for a personal, family or household purpose. Section 101(7).

■ The 1984 Plymouth Voyager Van was purchased on November 26, 1984, while the order for relief was within 40 days on December 17, 1984. The note for the truck exceeded $500.00 so that both elements of 523(a)(2)(C) are satisfied by the facts. The critical question here is whether the presumption in favor of non-dischargeability has been overcome so as to make the debt dischargeable. As Section 523 reads after its amendment in 1984, the credit must still be obtained by false pretenses. While the statement of facts does not cover the matter of repayment, the original bankruptcy file shows the Debtors commenced making payments on the note as agreed. It was not until this Court sustained the Trustee's Complaint on the failure to perfect the security interest in the collateral that such payments were stopped. In other words, the Debtors clearly demonstrated a present intention to pay the note when they executed the note on November 26, 1984. Such present intention to pay is not a false pretense or false representation under 523(a)(2)(A) and the presumption in Subsection (C) is thus overcome.

■ The term "luxury goods or services" is not defined in the Code. Thus, the Court must look to the circumstances sur-

rounding the purchase of the automobile to determine whether it should be classified as a luxury item.

The record does not indicate the price paid for the vehicle in question. On the date of the entry of the order for relief, the Defendants were indebted to the Plaintiff First Security Bank of Idaho in the amount of $9,206.00. In addition, the Defendants traded in their previous vehicle, a 1982 Datsun Sentra, as part of the purchase agreement for the 1984 van. Thus, the Court can surmise that the value given for the 1984 van was fairly substantial. Moreover, when the transaction was completed, the Debtors still owned for their use only one automobile.

Another factor to consider is the nature of the use of the automobile in question. The 1984 Plymouth Voyager Van is unquestionably used for the Debtors and their family and is a necessity of life for their travel needs. Finally, the van in question is a used vehicle. This tends to indicate that Defendants approached this purchase with some degree of fiscal responsibility, that is, they did not purchase the newest, most expensive vehicle possible on the eve of filing bankruptcy, hoping to have that debt discharged, but rather they financed a decent, reliable, all-purpose vehicle which they believed they could afford.

Under Montana exemption statutes, Montana has allowed the Debtors to exempt from execution one truck or automobile valued to $1,000.00. Section 25–13–617, MCA (1985). The intent of the statute clearly is an expression of public policy that an automobile is essential for family needs. Thus, Montana allows a debtor to retain sufficient assets for their fresh start following bankruptcy so the debtor may again become financially stable. The Montana legislature believes an automobile is necessary to achieve such fresh start, hence the statutory exemption. Nor does the amount of the exemption change this rationale, for such $1,000.00 figure is based on a historical result, rather than a finding that any automobile over $1,000.00 is a luxury. The statutory presence of the automobile exemption indicates to this Court that an automobile is deemed a necessity for the support and maintenance of a debtor or his family and is not a luxury. While it is not inconceivable that under some facts an automobile could be classified as a luxury item, in the present case, the circumstances do not warrant such finding and conclusion.

IT IS HEREBY ORDERED:

1. That Plaintiffs' Motion For Summary Judgment is denied;

2. That the debt incurred which gives rise to this action is dischargeable; and

3. That Plaintiffs raised a legitimate justifiable issue in this proceeding and that an award of costs and attorney fees in this matter would not be equitable.