In re Michael Houston HUSSEY, Janet Ellen Hussey, Debtors.

COMMERCIAL CREDIT CORPORATION, a corporation, Plaintiff,

v.

Michael Houston HUSSEY, and Janet Ellen Hussey, Defendants.

Bankruptcy No. 85–01487.
Adv. No. 85–0138.

United States Bankruptcy Court,
M.D. Alabama, S.D.

Feb. 25, 1986.

---

Randy C. Brackin, Dothan, Ala., for plaintiff, Commercial Credit Corp.

Butch Binford, Daleville, Ala., for debtors.

Kermit Tanton, Dothan, Ala., Trustee.

## OPINION ON COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT

RODNEY R. STEELE, Chief Judge.

In this Chapter 7 bankruptcy, creditor, Commercial Credit Corporation (Commercial) filed a complaint to determine the dischargeability of a debt owed it by Michael H. Hussey and Janet E. Hussey, debtors. Commercial alleged in its complaint that debtors had obtained money from it by means of false pretenses, false representations, actual fraud, and that such fraud involved a materially false writing, the reasonable reliance upon which induced Commercial to loan debtors additional moneys.

Commercial further alleged that the additional cash advances were made at a time when debtors were insolvent, contemplating bankruptcy, and were used by debtors to purchase luxury goods within 40 days of the filing of the petition.

The matter was tried February 12, 1986, at Dothan, Alabama, before the undersigned. Present were the debtors, their attorney, the attorney for Commercial, and Mr. John Wayne McCrummun, loan officer for Commercial.

The parties stipulated that the debtors executed and delivered to Commercial a promissory note dated August 14, 1985, evidencing a debt including interest in the

amount of $2,224.80. The first payment under the note was due September 15, 1985. No payments were made by debtors. A petition in bankruptcy signed by the debtors on August 30, 1985, was filed in the Middle District of Alabama on September 9, 1985.

After hearing testimony from Commercial's loan officer, McCrummun, an adverse witness, Mr. Hussey, listening to argument of counsel and reviewing the exhibits admitted into evidence, the court makes the following findings of fact:

1. Commercial has loaned the Husseys moneys over a period of several years.

2. In March of 1985, Mr. Hussey borrowed approximately $650.00 to buy a pick up truck.

3. Commercial did not take a security interest in the truck.

4. When the Husseys applied for a $750.00 loan in August of 1985 to purchase a three-wheeler, Commercial loaned them $820.46.

5. But Commercial did not take a security interest in the three-wheeler.

6. The principal balance of the total debt in August was $1,609.66.

7. At the time of the August application, Mr. Hussey did not disclose to Commercial that GMAC had repossessed a car he had leased.

8. Mr. Hussey did not update his March loan application to reflect the fact that he was unemployed, having lost his job as a fireman and having not yet started work as a "poultry unloader."

9. Commercial did not rely exclusively on the representations that debtors made in their loan application, but also relied on Hussey's prior credit history and a credit bureau report.

## CONCLUSIONS OF LAW

The exceptions to discharge are governed by Section 523, that is, 11 U.S.C. § 523. Commercial's complaint tracked the statute for Subsection (a)(2)(A) through (C).

■ Each of the necessary five elements must be proven by clear and convincing evidence before a debt arising from the use of a false financial statement to obtain money, property, service or an extension, renewal or refinancing of credit is excepted from discharge. See *In re Bridges,* 51 B.R. 85 (Bkrtcy.W.D.Ky., 1985).

No evidence was presented to support a finding that the information given by Hussey to Commercial in March was false or misleading, and the court concludes that this unsecured debt in the amount of $789.20 is dischargeable.

■ With respect to the August transaction, the situation changes. Reckless disregard for the truth or falsity of statements constitutes a "false misrepresentation" for purposes of nondischargeability of debt. See *Birmingham Trust National Bank v. Case,* 755 F.2d 1474 (11th Cir. 1985).

■ Hussey's failure to disclose the fact that he was unemployed shows such a reckless disregard for the truth. Commercial relied on the false information it had as to Hussey's job status when it advanced him the additional $820.46. Moreover, based on the findings of fact, the court concludes that Hussey borrowed this $820.46 for the purpose of purchasing a three-wheeler for recreational purposes. This conclusion is further supported by the fact that Hussey sold the vehicle when he could not master "how to run it." A three-wheeler of the type purchased by Hussey is the kind of luxury goods contemplated by Subsection (C), of 11 U.S.C. § 523(a)(2). See *Montgomery Ward & Co., Inc. v. Ashton,* 51 B.R. 712 (Bkrtcy.W.D.Pa., 1985). Hussey's testimony that he bought it for use in his prospective employment in the chicken business is not believable, since he had a pick up which he could use in that business.

■ Therefore the court further concludes that the debt created by the August transaction falls clearly within the exception to discharge under Section 523(a)(2)(C)

and ought not to be discharged in bankruptcy.

An appropriate order will enter.