In re Luis E. HERRAN & Celina Herran, Debtors.

J.C. PENNEY COMPANY, INC., Plaintiff,

v.

Luis E. HERRAN & Celina Herran, Defendants.

Bankruptcy No. 86–00945–BKC–TCB.
Adv. No. 86–0486–BKC–TCB–A.

United States Bankruptcy Court, S.D. Florida.

Sept. 12, 1986.

Eugene Cline, Marietta, Ga., and David F. Holmes, Slocomb, Ala., for plaintiff.

Franz A. Arango, Miami, Fla., for defendants.

## MEMORANDUM DECISION

THOMAS C. BRITTON, Chief Judge.

Plaintiff seeks exception from discharge under 11 U.S.C. § 523(a)(2)(C) as applied under § 523(a)(2)(A) for its claim of $1,021 against the debtors. The debtors appeared at trial and denied the essential allegations. No default has been sought or granted on account of the debtors' failure to plead. The matter was tried on September 4.

The facts are undisputed. On March 21, 23 and 26, the defendant wife purchased on credit goods from the plaintiff in the amount of $1,021 in eight transactions. The goods consisted of items of clothing, giftware, cosmetics and fragrances. The debtors made no payments for any of these charges and jointly filed for bankruptcy on April 4, 1986.

The debtors' oral motion to dismiss the complaint as untimely filed is denied. The deadline to file a complaint under § 523(a) was extended for this creditor after a hearing on July 21. This court's order permitted this creditor to file a complaint if it was postmarked not later than July 23. Entry of an order setting a deadline is generally not drafted in terms of a postmark or mailing date. It was done in this case to accommodate the request of this out-of-town party that it could prepare a complaint and mail it within two days of the hearing. The Clerk received the complaint on July 24. Mailing envelopes are not retained by the Clerk. Based on the regularity of the mail, I find that the terms of my order were complied with.

The debtors' other defenses concern statutory construction.

Section 523(a)(2)(C) provides in part that: (C) for purposes of subparagraph (A) of this paragraph, consumer debts owed to a single creditor and aggregating more than $500 for "luxury goods or services" incurred by an individual debtor on or within forty days before the order for relief under this title ... are presumed to be nondischargeable; "luxury goods or services" do not include goods or services reasonably acquired for the support or maintenance of the debtor or a dependent of the debtor.

In a Senate report on a pre-enactment version of subsection C, the legislative intent is made clear and offers guidance to the court. The Senate report states:

Section 523 is amended and expanded to address a type of unconscionable or fraudulent debtor conduct not heretofore considered by the Code—that of loading up. In many instances a debtor will go on a credit buying spree in contemplation of bankruptcy. The new subsection ... creates a rebuttable presumption that any debt incurred by the debtor within 40 days before the filing of the petition has been incurred under circumstances that would make the debt nondischargeable. S.Rep. No. 65, 98th Cong., 1st Sess. 58 (1983). The reason for addressing the "loading up" problem was that loading up "[n]ot only [results] in direct losses for the creditors that are victims of the spree, but it also creates a higher absolute level of debt so that all creditors receive less in liquidation." Id. at 9.

This subsection was added by the Bankruptcy Amendments of 1984 which are applicable to this case. I have found only two reported decisions interpreting and applying its provisions. Counsel for the parties have not directed this court to these or any other cases on point.

In order for the purpose of the Amendment to be served, the definition of luxury goods must be determined in light of the circumstances of the debtors. Purchases of higher level merchandise in the amount of $562 and cosmetics and fragrances in the amount of $146 indicate that the defendants did not approach these purchases "with some degree of financial responsibility." First Security Bank of Idaho v. Davis (In re Davis), 56 B.R. 120, 122 (Bankr.D.Mont.1985). In that case, the court found a debt for an automobile purchase to be dischargeable and relied on the fact that the debtors "financed a decent, reliable, all-purpose vehicle which they believed they could afford." Id.

Plaintiff's witness testified only as to the definition of "luxury goods" as applicable to plaintiff's "designer lines" of clothing. However, the bill itemizing all of defendants' purchases in the critical period is part of the evidence and subject to this court's consideration of what constitutes luxury goods under the statute. While some amount spent on cosmetics is reasonable, as I stated at the trial, the amount of $146 appears to be excessive in these circumstances and, therefore, I include these purchases within the definition of luxury goods. The standard for determining luxury goods under the statute implies that consideration be given to reasonableness in both quality and quantity.

I do not find the defendant wife's explanation plausible that she was totally unaware of her financial circumstances two weeks before the bankruptcy petition was filed. I find that the items she purchased in the total amount of $1,021 were not reasonably acquired for the support and maintenance of herself, her husband and daughter.

I also reject the debtor's argument that the statutory designation of $500 per individual debtor creates a deductible limit. The debt created here by one of the individual debtors exceeds the aggregate amount of $500. I am not convinced that the intent of the statute should be diluted by doubling the amount of a shopping spree for joint debtors before the presumption is operative.

Accordingly, the applicability of § 523(a)(2)(C) has been met in this case

upon my determination that these debtors purchased on credit luxury goods in the amount of $1,021.

The presumption of nondischargeability under § 523(a)(2)(C) shifts the burden of proof in applying § 523(a)(2)(A). *See Thorp Credit, Inc. v. Smith (In re Smith)*, 54 B.R. 299, 301 (Bankr.S.D.Iowa, 1985). The defendants have not overcome the presumption considering the weight I have given to the wife's testimony.

Under § 523(a)(2)(A) a debt for obtaining credit by false pretenses or false representations is excepted from discharge. It is well-settled that the purchase of goods on credit by a debtor who does not intend to pay constitutes a false representation. Plaintiff need not prove an overt misrepresentation. 3 *Collier on Bankruptcy* (15th ed. 1985) ¶ 523.08[4] n. 19.

Alternatively, even if the statutory presumption which relieves plaintiff of its burden to prove that the debtor had an actual intent to defraud were not met, there are a number of reported decisions reaching the conclusion that from a pattern of the use of a credit card proof of intent may be inferred. *See Southeast Services, Inc. v. Vegh (In re Vegh)*, 14 B.R. 345 (Bankr.S.D. Fla.1981) (and cases cited therein). In a case similar in many respects to the one here, the court stated that if the non-debtor wife who made the credit card purchases had filed a joint petition:

> it would be easy enough to conclude that her conduct would result in a nondischargeable debt. *Macy's v. Pittman (In re Pittman)*, 41 B.R. 382, 383 (Bankr.W. D.Mo.1984).

I find that the debtors owe plaintiff $1,021 and that the debt was incurred by the debtors' false pretenses or false representations in that they made purchases of luxury goods within 40 days of the order for relief and, alternatively, that they had no intention or ability to repay the debt when it was incurred.

As is required by B.R. 9021(a), a separate judgment will be entered for plaintiff against the defendants for $1,021 and excepting the claim from discharge under § 523(a)(2)(A). Costs may be taxed on motion.