**In the Matter of Raymond E. CLAAR and Alice I. Claar, d/b/a Claar Roofing Company, Debtors.**

**ITT FINANCIAL SERVICES, INC., a Delaware Corporation, Plaintiff,**

v.

**Alice I. CLAAR, Defendant.**

**Bankruptcy No. 86–2760.**
**Adv. No. 86–423.**

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

April 6, 1987.

Jay B. Verona, St. Petersburg, Fla., for plaintiff.

Ginnie Van Kesteren, St. Petersburg, Fla., for defendant.

### ORDER ON MOTION FOR SUMMARY JUDGMENT AS TO LIABILITY AND ORDER ON CROSS–MOTION FOR SUMMARY JUDGMENT

ALEXANDER L. PASKAY, Chief Judge.

THE MATTERS under consideration in this Chapter 7 adversary proceeding are a Motion for Summary Judgment as to Lia-

bility, filed by ITT Financial Services, Inc. (ITT), the Plaintiff of the above-captioned case, and a Cross-Motion for Summary Judgment filed by Alice I. Claar, the Defendant. Both parties assert that there are no genuine issues of material facts and the issues may be determined as a matter of law. The Court has considered the Motion together with the record, heard argument of counsel, and finds as follows:

On June 9, 1986, Alice I. Claar, one of the Debtors, and the Defendant in this proceeding (Mrs. Claar), borrowed $1,171.52 from ITT. In connection with this loan, Mrs. Claar executed a promissory note and security agreement which provided for repayment in 24 monthly installments in the amount of $64.00 per month, the first of which was due on July 9, 1986. The collateral listed in the security agreement was two RCA video recorders and one RCA camcorder video camera.

On July 1, 1986, 22 days after borrowing the $1,171.52 from ITT and eight days before the due date of the first installment payment, Mrs. Claar and her husband filed a joint Petition for Relief under Chapter 7 of the Bankruptcy Code. No payments were ever made on the ITT obligation.

It is without dispute that the money borrowed from ITT was used by Mrs. Claar to make a $1,000.00 contribution to the Fort Heritage Campground, also known as Heritage, U.S.A., a Christian campground and theme park located in Charlotte, North Carolina, and sponsored by Jim and Tammy Bakker and the PTL Club. In March of 1986, Mrs. Claar had contributed $1,000.00 to this organization, and the contribution entitled her to a lifetime membership at the campground and free lodging at the hotel located there for four days and three nights every year. For the additional $1,000.00 contribution Mrs. Claar made with the money loaned by ITT, Mrs. Claar received an additional four days and three nights of lodging plus the free use of all the other facilities at the theme park, such as the water park and horseback riding. In her deposition Mrs. Claar described the hotel as "first class all the way" (deposition of Alice I. Claar, P. 19, Ll. 11–12), and

conceded that the use of the facilities was not a necessity of life, but rather was "more or less" a luxury (Claar deposition, P. 31, L. 3).

In Count I of the four-count Complaint, ITT alleges that the $1,171.52 owed to ITT is a nondischargeable obligation pursuant to § 523(a)(2)(A) and § 523(a)(2)(C) of the Bankruptcy Code. § 523(a)(2)(A) provides as follows:

A discharge under § 727 ... of this title does not discharge an individual debtor from any debt—

(2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by—

(A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition.

Section 523(a)(2)(C) provides in pertinent part as follows:

For purposes of subparagraph (A) of this paragraph, consumer debts owed to a single creditor and aggregating more than $500.00 for "luxury goods or services" incurred by an individual debtor on or within 40 days before the order for relief under this title ... are presumed to be nondischargeable; "luxury goods or services" do not include goods or services reasonably acquired for the support or maintenance of the debtor or a dependent of the debtor....

These two sections, when read *in pari materia*, presumes the nondischargeability of consumer debts in excess of $500.00 for luxury goods or services when such debt is owed to a single creditor and incurred on or within 40 days before the filing of a bankruptcy petition. There is no doubt that Mrs. Claar borrowed $1,171.52 from ITT 22 days before the Petition was filed. The question is did she use the $1,171.52 for luxury goods or services.

In § 523(a)(2)(C) " 'luxury goods and services' do not include goods or services reasonably acquired for support or maintenance of the debtor or a dependent of the debtor." Mrs. Claar admitted that the lifetime membership was not a necessity but was more or less a luxury. Nonetheless,

she argues that the $1,000.00 was merely a contribution and that the Fort Heritage Campground was under no obligation to give her the lifetime membership. This argument is not supported by this record. Although the record is silent as to Fort Heritage Campground's obligation to give her the extended membership, Mrs. Claar testified that she got the money from ITT to make the contribution because "it was such an opportunity" (Claar deposition, P. 23, Ll. 19–20.). Regardless of Fort Heritage Campground's legal obligation to give her the lifetime membership, she clearly thought she was purchasing and did, in fact, purchase the lifetime membership with the $1,000.00. This Court is satisfied that the lifetime membership at Fort Heritage Campground is a luxury service within the meaning of § 523(a)(2)(C). Accordingly, ITT has established the applicability of § 523(a)(2)(C) to the facts of this case.

Case law construing § 523(a)(2)(C) holds that once a creditor has established the applicability of § 523(a)(2)(C), the burden of proof in applying § 523(a)(2)(A) shifts to the debtor, and the debtor must then overcome the presumption that the money was obtained by false pretenses, a false representation, or actual fraud. *In re Herran*, 16 B.R. 323, 15 B.C.D. 19 (Bankr.S.D.Fla. 1986); *In re Smith*, 54 B.R. 299 (Bankr.S.D.Iowa 1985). In this case, Mrs. Claar must overcome the presumption that when she borrowed the $1,171.52 from ITT she had no intent to repay it.

Mrs. Claar testified during her deposition that she did intend to repay the loan and she had the ability to repay the loan when she borrowed the money (Claar deposition, P. 9, Ll. 7–12, P. 34, Ll. 3–8.). She further testified that prior to borrowing the money, she had never contemplated bankruptcy (Claar deposition, P. 33, L. 24, P. 34, L. 2), and that she would not have filed for bankruptcy had it not been for a threatened lawsuit against her husband's business for negligent roof inspection.

On the other hand, this record indicates that Mrs. Claar and her husband had in 1985 an adjusted gross income of $13,-547.30, an estimated 1986 income of $15,-000.00, and unsecured debts of over $31,-000.00, the majority of which are credit card debts for goods and services. Furthermore, it appears that at the time Mrs. Claar borrowed the money from ITT, she was aware of another lawsuit also against her husband's business but involving different parties. Based on the fact that the second lawsuit had merely been filed and had not yet gone to judgment or even advanced beyond the preliminary stages, it strains the reason of this Court to suggest that the second lawsuit, and that lawsuit alone, precipitated the bankruptcy. Furthermore, in Mrs. Claar's deposition, she testified that she wrote a check for $64.00 to ITT to make the first installment payment due on the loan but did not mail the check because she did not have sufficient funds in her checking account to cover it (Claar deposition, P. 7, Ll. 10–22). Mrs. Claar's mere assertion that she intended to repay the money cannot overcome the substantial evidence in this record that even before the second lawsuit was filed, Mrs. Claar did not have the ability to repay the money.

Based on the foregoing, this Court is satisfied that Mrs. Claar cannot overcome the presumption of nondischargeability, and thus, summary judgment shall be granted in favor of ITT on Count I of the Complaint.

Count II of the Complaint is a state law cause of action for damages for Mrs. Claar's default on the promissory note, and Count III of the Complaint is a state law cause of action for money lent. Inasmuch as Mrs. Claar concedes she is indebted to ITT on the note, judgment shall be entered in favor of ITT on Counts II and III.

Count IV of the Complaint is a state law cause of action for replevin of the collateral that Mrs. Claar pledged in return for the money borrowed from ITT. This collateral was claimed as exempt property by Mrs. Claar and her husband in their joint Chapter 7 case. No objection to their claim of exemption was timely filed and no extension of time to file an objection was requested or granted. Accordingly, Count IV of the Complaint shall be dismissed.

■ Mrs. Claar's counterclaim seeks costs and attorney's fees pursuant to § 523(d) of the Bankruptcy Code. Inasmuch as Mrs. Claar did not prevail on the Complaint under § 523, the counterclaim is without merit and shall be dismissed.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Motion for Summary Judgment as to Liability filed by ITT Financial Services, Inc. be, and the same is hereby, granted on Counts I, II, and III of the Complaint, and the debt owed by Alice I. Claar to ITT Financial Services in the amount of $1,171.52 be, and the same is hereby, declared to be nondischargeable pursuant to § 523(a)(2)(C) and § 523(a)(2)(A) of the Bankruptcy Code. It is further

ORDERED, ADJUDGED AND DECREED that the Cross-Motion for Summary Judgment filed by Alice I. Claar be, and the same is hereby, denied. It is further

ORDERED, ADJUDGED AND DECREED that Count IV of the Complaint and the counterclaim be, and the same is hereby, dismissed.

A separate final judgment shall be entered in accordance with the foregoing.