In re Frank J. GARNER, Jr., Debtor.

John R. HENSON & Coy R. Grogan, Plaintiffs,

v.

Frank J. GARNER, Jr., Defendant.

Bankruptcy No. 85–03755–2.
Adv. No. 83–183–2.

United States Bankruptcy Court,
W.D. Missouri.

Feb. 24, 1987.

As Amended June 17, 1987.

Michael J. Gallagher, Kansas City, Mo., for plaintiffs.

Barker, Rubin & Sonnich, Kansas City, Mo., for defendant.

## MEMORANDUM OPINION AND ORDER

FRANK W. KOGER, Bankruptcy Judge.

This adversary action by two creditors seeking to avoid discharge of debtor on their respective claims came to an abrupt halt at the conclusion of creditors' case when debtor elected to present no evidence and stood on his oral Motion for Dismissal made when the plaintiff/creditors rested. Creditors had each obtained a jury verdict against debtor in the United States District Court for the Western District of Missouri, before the petition for reorganization was filed. Debtor had appealed the resulting judgments to the Eighth Circuit Court of Appeals. That latter tribunal affirmed the judgments post petition and this Section 523 adversary proceeding, having been timely filed, proceeded to trial. Creditors did not offer the transcript of the proceedings in the District Court case. Instead, they introduced only four exhibits and rested.

Those four exhibits were:

Exhibit 1: A copy of creditors' first amended complaint.

Exhibit 2: A copy of debtor's addendum to the brief of debtor to the Eighth Circuit, containing instructions to the jury and the Verdict Director as well as the jury verdict and the District Court judgment.

Exhibit 3: The opinion of the Eighth Circuit Court of Appeals.

Exhibit 4: Letter from Eighth Circuit Court of Appeals transmitting the opinion.

The Court, therefore, is required to determine from the exhibits if creditors have made a case and established all elements necessary under Section 523.

The original District Court complaint is drawn in five counts. Count I alleged a common law fraud, potentially cognizable under Section 523(a)(2). Count II alleged a breach of fiduciary duty, potentially cognizable under Section 523(a)(4). Count III alleged a use of interstate instrumentality to make alleged misrepresentations. This Count adds nothing in a bankruptcy proceeding under Section 523. Count IV alleged a RICO violation which again, adds nothing to a bankruptcy proceeding under Section 523. For the reasons stated hereafter, the Court will consider only Count I or the common law fraud Count.

The jury instructions in Count I required the jury to find in Instruction Number 6

and Instruction Number 23 (respectively to each creditor):

First: That debtor made a representation to each creditor.

Second: That the representation was false.

Third: That the defendant knew his representation was false.

Fourth: That the representation was material in causing each creditor's decision.

Fifth: That each creditor relied on the debtor's representation.

Sixth: That as a direct result of such representation each creditor was damaged.

Seventh: That each creditor did not discover the alleged fraud until a later date.

The jury verdict was unanimous in favor of each creditor and against the debtor on Count I, as well as two other counts. After the filing of post trial motions, the District Court ruled:

"Here there clearly was sufficient evidence to support the jury's conclusion that defendant ... intentionally defrauded plaintiffs."

The United States Court of Appeals for the Eighth Circuit unanimously affirmed and held that there was sufficient evidence to support the verdict.

Since 1970, the bankruptcy courts have been the sole arbiter of what debts are not discharged by a bankruptcy proceeding. *Brown v. Felsen* 442 U.S. 127, 99 S.Ct. 2205, 60 L.Ed.2d 767 (1979) tells us that: "... are the type of questions that Congress intended the bankruptcy court would resolve," (l.c. 99 S.Ct. at 2212). Although that opinion dealt only with a state court judgment, there is no reason to suspect that the same rule would not apply to judgments rendered in Federal Courts also. The question then becomes did the judgment in the District Court constitute so similar a finding of fraud in that action as to provide a basis for the bankruptcy court to determine that Section 523 fraud was committed thereby rendering the judgment nondischargeable, or is the debtor collaterally estopped from relitigating those issues of fact determined by a prior finding thereon. Again *Brown v. Felsen Id.* footnote 10, 99 S.Ct. at page 2213, supplies the answer. "If in the course of adjudicating a state-law question, a state court should determine factual issues using standards identical to those of Section 17, then collateral estoppel, in the absence of countervailing statutory policy, would bar relitigation of those issues in the bankruptcy court." Thus, the Court is led to the conclusion that the elements to be proved under Section 523(a)(2) must be compared with the elements decided by the unanimous jury in the District Court case, and, if identical, as to content and standard, creditors have borne their burden.

Under Section 523(a)(2) those elements are:

(1) Utterance or issuance of a representation,

(2) Proof of the falsity of the representation,

(3) Proof of knowledge on the part of the maker of that falsity,

(4) Intent to mislead or deceive the alleged victim by the maker,

(5) Reliance on the representation of the victim,

(6) Proof that damage occurred to the alleged victim.

(See *Sweet v. Ritter Finance Company*, 263 F.Supp. 540 (W.D.Va.1967).

By comparing these standards with instructions Number 6 and Number 23, it appears to the Court that every element required to be found by the Court in the dischargeability hearing was already found by the jury in the District Court verdict. Further those findings received the judicial seal of approval from the District Court in its Order of August 7, 1986, when it stated: "Here, there clearly was sufficient evidence to support the jury's conclusion that defendant violated his fiduciary duty and intentionally defrauded plaintiffs." The Court of Appeals, Eighth Circuit, stated: "We find substantial evidence, as did the jury, to support proof of fraud committed by Garner against the plaintiffs."

■ Therefore, although this Court believes and holds that the Bankruptcy Court is the sole arbiter of Section 523 dischargeability vel non, nevertheless where identical

factual issues have been fully litigated and properly decided using identical standards by courts of appropriate jurisdiction, collateral estoppel bars relitigation of those issues in this Court. This leads to the final question to be determined by this Court, i.e., were identical standards used?

■ In defendant's brief, the point is made that the standard in the District Court trial was "preponderance of the evidence" while the standard should be "clear and convincing" and that the two are totally dissimilar. If defendant's point is well taken, then obviously collateral estoppel does not come into play and there is insufficient evidence before the Court to determine dischargeability. The Honorable Dennis J. Stewart, Chief Bankruptcy Judge of this District, had occasion to explore this identical question in a footnote to his opinion in *Matter of Curl*, 49 B.R. 302 (Bkr.W. D.Mo.1985), see footnote 6. This Court, although not bound by that ruling, frankly considers it not only the best exposition of how the apparent divergence arose, but strongly recommends that any counsel engaged in Section 523 litigation regard that opinion (and the footnotes) as required reading for a thorough understanding of the elements of proof and the applicability of evidentiary standards. Accordingly, this Court concludes that there is no real distinction between "preponderance of the evidence" and "clear and convincing" as regards Section 523 litigation.

Inexorably then, the Court concludes that through collateral estoppel, creditors sustained the burden of proof and through their exhibits sustained the burden as to all elements of dischargeability. The judgment rendered on common law fraud which was pled in Count I of plaintiff's original complaint in Federal District Court is, therefore, ruled to be nondischargeable. No ruling is necessary on any other Count, even Count II, the alleged fiduciary breach, inasmuch as only one recovery may be had by creditors. Although this result is in favor of creditors, the Court must point out that it believes better practice would be to introduce the transcript in such a proceeding, and that creditors in similar proceed-

ings run a substantial risk of not presenting the Court with sufficient evidence upon which to base a ruling when they rely upon collateral estoppel alone.