In re Paul F. LEAIRD, Betty L. Leaird, Debtors.

J.C. PENNEY COMPANY, INC., Plaintiff,

v.

Paul F. LEAIRD and Betty L. Leaird, Defendants.

Bankruptcy No. LU7–88–00699. Adv. No. 88–0110–7.

United States Bankruptcy Court, W.D. Wisconsin.

April 7, 1989.

Peter F. Herrell, Jordan, Herrell & Thiel, Eau Claire, Wis., for plaintiff.

Beverly A. Fleishman, La Crosse, Wis., for debtors/defendants.

## MEMORANDUM OPINION, FINDINGS OF FACT, AND CONCLUSIONS OF LAW

THOMAS S. UTSCHIG, Bankruptcy Judge.

Plaintiff, J.C. Penney Company, Inc., by its attorney Peter F. Herrell of Jordan, Herrell & Thiel, filed a complaint to determine the dischargeability of a debt under 11 U.S.C. §§ 523(a)(2)(A) and 523(a)(2)(C).

The debtors, Paul F. Leaird and Betty L. Leaird, appeared by their attorney Beverly A. Fleishman. The parties tried the issues before the Court on October 25, 1988. For the reasons set forth below, the Court finds the debtor's testimony sufficient to rebut a presumption of fraudulent intent arising under 11 U.S.C. § 523(a)(2)(C) and the plaintiff's reliance on this presumption insufficient to meet its burden of proof under 11 U.S.C. § 523(a)(2)(A). Accordingly, the Court finds the debt is dischargeable.

### FACTS

On February 26, 1988, the debtor Betty Leaird purchased a bedspread, a ten-piece cookware set, a typewriter access, a word processor, and an electric typewriter for a total sum, including merchandise, transportation, handling and taxes, of $1,047.42. The debtors filed a bankruptcy petition on March 21, 1988.

### DISCUSSION

The plaintiff argues that the debtors' credit card purchases of February 26, 1988, are presumed to be nondischargeable under 11 U.S.C. § 523(a)(2)(C), and that the debtors cannot effectively rebut this presumption by denying fraudulent intent and offering supporting testimony as to their intentions at the time of the purchases and at the time of the bankruptcy filing. The debtors argue that their testimony effectively rebuts the presumption of nondischargeability under 11 U.S.C. § 523(a)(2)(C). In testimony before the Court, Paul F. Leaird denied that the purchases were made in contemplation of bankruptcy. Mr. Leaird explained that the purchases were made impulsively and that the bankruptcy petition was filed in response to a letter from the Veterans Administration. The letter notified the debtors of a $12,631.54 deficiency judgment from the sale of a home they turned back to the V.A. one and one-half years ago.

11 U.S.C. § 523(a)(2)(C) establishes a rebuttable presumption of nondischargeability in favor of the creditor. 11 U.S.C. § 523(a)(2) states in pertinent part:

§ 523.   Exceptions to discharge

(a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—

.    .    .    .    .

(2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by—

(A) false pretenses, a false representation or actual fraud, other than a statement respecting the debtor's or an insider's financial condition;

.    .    .    .    .

(C) for purposes of subparagraph (A) of this paragraph, consumer debts owed to a single creditor and aggregating more than $500 for "luxury goods or services" incurred by an individual debtor on or within forty days before the order for relief under this title, or cash advances aggregating more than $1,000 that are extensions of consumer credit under an open end credit plan obtained by an individual debtor on or within twenty days before the order for relief under this title, are presumed to be nondischargeable; "luxury goods or services" do not include goods or services reasonably acquired for the support or maintenance of the debtor or a dependent of the debtor; an extension of consumer credit under an open end credit plan is to be defined for purposes of this subparagraph as it is defined in the Consumer Credit Protection Act (15 U.S.C. 1601 et seq.).

11 U.S.C. § 523(a)(2). Congress added Subsection (C) to Section 523(a)(2) of the Bankruptcy Code in 1984 to deter debtors from purchasing exemptable items with credit in contemplation of bankruptcy. As the legislative history states:

Section 523 is amended and expanded to address a type of unconscionable or fraudulent debtor conduct not heretofore considered by the code—that of loading up. In many instances, a debtor will go on a credit buying spree in contemplation of bankruptcy. The new subsection ... creates a rebuttable presumption that any debt incurred by the debtor within 40 days before the filing of the petition has been incurred under circumstances that would make the debt nondischargeable. Only that portion of a debt which was incurred within the 40–day time period is subject to this presumption. The burden is upon the debtor to demonstrate that the debt was not incurred in contemplation of discharge in bankruptcy and thus a fraudulent debt. As the language makes clear, debts incurred for expenses reasonably necessary for support of the debtor and the debtor's dependents are not covered by the presumption.

S.Rep. No. 98–65, 98th Cong. 1st Sess. 58 (1983). In other words, Section 523(a)(2)(C) of the Bankruptcy Code presumes that the debtor purchased items without intending to pay for them. *In re Koch*, 83 B.R. 898 (Bankr.E.D.Pa.1988).

To establish a presumption of nondischargeability under Section 523(a)(2)(C) of the Bankruptcy Code one must prove the following basic facts: "(1)[a] consumer debt [see 11 U.S.C. § 101(7) ]; (2) owed to a single creditor; (3) aggregating more than $500.00; (4) for luxury goods or services; (5) incurred by an individual debtor; (6) on or within forty days before the order for relief." *In re Blackburn*, 68 B.R. 870, 873 (Bankr.N.D. Ind.1987). Once established, a presumption of nondischargeability under Section 523(a)(2)(C) satisfies the plaintiff's burden of production but not the plaintiff's burden of persuasion.[1]   83 B.R. at 902; Bankr. Rule 9017 (incorporating Fed.R.Evid. 301).

---

**1.** The effect of satisfying the burden of production with a presumption differs between a jury trial and a court trial. In a jury trial, satisfying the burden of production with a presumption takes the case from the judge to the jury; in a court trial, satisfying the burden of production with a presumption does little because the judge acts as jury. However, establishing a presumption in a court trial is not without some prac-

tical utility. A presumption will insulate a finding supported by a presumption from appellate reversal for lack of evidence. Wright & Graham, *Federal Practice and Procedure:* Evidence § 5126.

It is interesting to note that Congress added the presumption of nondischargeability and deleted the rule for conducting bankruptcy jury

■ To rebut a presumption of fraudulent intent under 11 U.S.C. § 523(a)(2)(C), the debtor must directly attack the presumed fact with sufficient evidence to support a finding that the fraudulent intent did not exist. *See* Wright & Graham, *Federal Practice and Procedure:* Evidence § 5122 (1st ed. 1977). *Compare In re Davis,* 56 B.R. 120, 121 (Bankr.D.Mont.1985) (debtors demonstrated a clear intention to pay by commencing payments as scheduled) *with Matter of Ashton,* 51 B.R. 712, 713 (Bankr. W.D.Pa.1985) (debtor failed to demonstrate a clear intention to pay because debtor knew he was insolvent when he purchased the items in question and his explanation was implausible and unsupported) *and In re Koch,* 83 B.R. 898, 903 (Bankr.E.D.Pa. 1988) (debtor failed to overcome the presumption because she did not introduce evidence to contest her presumed intent).

■ In the case *sub judice,* Paul F. Leaird testified that the purchases were not made in contemplation of bankruptcy; the purchases were made impulsively on February 29, 1988. Bankruptcy was not contemplated until after the debtors received notice of a deficiency judgment from the Veterans Administration. However, Mr. Leaird could not recall when they received such notice. The debtors visited their attorney on March 3, 1988, and filed bankruptcy on March 21, 1988. Paul F. Leaird was a very credible witness whose testimony contested the presumed fact with sufficient evidence to support a finding that fraudulent intent did not exist. Accordingly, the Court finds that the debtor's testimony effectively rebuts the presumption of fraudulent intent under Section 523(a)(2)(C) of the Bankruptcy Code.

The plaintiff offered no further evidence as to fraudulent intent and relied solely on the evidence establishing the rebutted presumption for a finding of nondischargeabil-

ity. In light of the debtor's testimony, the plaintiff's proof of the elements of Section 523(a)(2)(C) of the Bankruptcy Code does not give rise to a clear and convincing inference of fraudulent intent. Accordingly, the Court finds that the plaintiff did not carry its burden of persuasion as to the existence of the presumed fact, the fraudulent intent of the debtor.

This decision shall constitute findings of fact and conclusions of law in accordance with Bankruptcy Rule 7052.

trials at the same time by enacting the Bankruptcy Amendments & Federal Judgeship Act of 1984. As noted above, the practical utility of a presumption diminishes in a court trial. It is quite possible that Congress, besieged by the advocates of creditors, intended such sleight of hand. However, the Supreme Court may transform the illusion of a presumption of nondis-

chargeability into the real thing by resurrecting jury trials in bankruptcy court. *See Nordberg v. Granfinanciera, S.A.* (*In re Chase & Sanborn Corp.*), 835 F.2d 1341 (11th Cir.1988), (holding that a defendant to a fraudulent conveyance action has neither a constitutional nor a statutory right to a jury trial), *cert. granted,* — U.S. ——, 108 S.Ct. 2818, 100 L.Ed.2d 920 (U.S.1988).