**In re Dariush TABAR, Debtor.**

**AMERICAN EXPRESS TRAVEL RELATED SERVICES COMPANY, INC., Plaintiff,**

**v.**

**Dariush TABAR, Defendant.**

**Bankruptcy No. 97–5318–BKC–3F7.
Adversary No. 97–359.**

United States Bankruptcy Court,
M.D. Florida,
Jacksonville Division.

April 30, 1998.

702

Nicholas Pulignano, Jacksonville, FL, for Plaintiff.

Leon M. Boyajan, Inverness, FL, for Defendant.

### ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

JERRY A. FUNK, Bankruptcy Judge.

This Proceeding is before the Court upon Plaintiff's Motion for Summary Judgment. (Doc. 13) and Memorandum in Support (Doc. 14). No response was filed by Defendant. Pursuant to the Court's Order as to Preparation, Service, and Return of Process and Establishing Motion Hearing Procedures dated November 6, 1997, when no response to a motion is filed, the Court may deem it unopposed and consented to. (Doc. 2). Nonetheless, the Court has examined the Motion for Summary Judgment on its merits.

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Bankr.P. 7056(c)(1998). The moving party bears the initial burden of showing the Court, by reference to materials on file that there are no genuine issues of material fact that should be decided at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

Plaintiff asserts that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law in relation to this Proceeding which seeks to except the debt owed by the Defendant to the Plaintiff from discharge pursuant to 11 U.S.C. § 523(a)(2)(A) and (a)(2)(C) and which objects to the entry of the Defendant's discharge pursuant to 11 U.S.C. § 727(a)(2)(A), (a)(4)(A), and (a)(5).

On March 2, 1998, Plaintiff filed its First Request for Admissions on Defendant. (Doc. 16). Federal Rule of Bankruptcy Procedure 7036, incorporating Federal Rule of Civil Procedure 36, states in pertinent part:

(a) . . . Each matter of which an admission is requested shall be separately set forth. The matter is admitted unless, within 30 days after service of the request, or within such shorter time or longer time as the court may allow or as the parties may agree to in writing, subject to Rule 29, the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter, signed by the party or by the party's attorney.

(b) **Effect of Admission.** Any matter admitted under this rule is conclusively established unless the court on motion permits withdrawal or amendment of the admission.

Fed.R.Bankr.P. 7036(1998).

▉ As Defendant did not respond to the Plaintiff's First Request for Admissions, the Court finds that the admissions contained therein are deemed admitted and are conclusively established.

▉ Section 523 (a)(2)(A) and (a)(2)(C) provide:

(a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—

(2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by—

(A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition; . . .

(C) for purposes of subparagraph (A) of this paragraph, consumer debts owed to a single creditor and aggregating more than $1,000 for "luxury goods or services" incurred by an individual debtor on or within 60 days before the order for relief under this

title, ... are presumed to be nondischargeable; "luxury goods or services" do not include goods or services reasonably acquired for the support or maintenance of the debtor or a dependent of the debtor; an extension of consumer credit under an open end credit plan is to be defined for purposes of this subparagraph as it is defined in the Consumer Credit Protection Act.

11 U.S.C. § 523(a)(2)(A) and (C)(1998). Plaintiff has the burden of proving the debt should be excepted from the Defendant's discharge by a preponderance of the evidence. *Grogan v. Garner*, 498 U.S. 279, 291, 111 S.Ct. 654, 661, 112 L.Ed.2d 755 (1991). However, when the debt involves consumer debts owed to a single creditor, a creditor is entitled to a presumption of fraud if the creditor can prove that the charges (1) aggregated more than $1,000; (2) were for "luxury goods" and (3) were obtained within 60 days of the bankruptcy petition. 11 U.S.C. § 523(a)(2)(C)(1998). Once the plaintiff has established the requirements of 11 U.S.C. § 523(a)(2)(C), the burden shifts to the defendant to rebut the presumption of fraud. *See, J.C. Penney Company, Inc. v. Herran (In re Herran)*, 66 B.R. 323 (Bankr.S.D.Fla. 1986).

■ First, analyzing the facts of this Proceeding, in the light of 11 U.S.C. § 523(a)(2)(C), the Court finds that Plaintiff is entitled to judgment as a matter of law. Based upon the admissions on file, the Court finds that no genuine issue of material fact exists, and it is established that: (1) Defendant used his American Express card account No. 3728–292797–62001 in approximately eighty transactions between May 15, 1997 and July 1, 1997, totaling over $18,000.00 and (2) his Bankruptcy Petition was filed on July 15, 1997. These facts establish that the charges aggregate over $1,000 and were incurred on or within sixty (60) days of the filing of the petition.

Furthermore, the admitted facts establish that such charges were for "luxury goods and services." In *General Motors Acceptance Corp. v. McDonald (In re McDonald)*, 129 B.R. 279, 283 (Bankr.M.D.Fla.1991), the court stated that a classification of a purchase as "luxury goods" required the court to look at the circumstances surrounding the purchase, taking into consideration "whether the item purchased served any significant family function and whether the transaction evidenced some fiscal irresponsibility." Of the transactions from this time period, $16,700.50 were for the purchase of antiques, Persian rugs, antique reproductions, art dealer/gallery, and floor coverings. The Court finds that such items constitute "luxury goods" as defined by 11 U.S.C. § 523(a)(2)(C). Therefore, Plaintiff is entitled to the presumption of nondischargeability. This presumption has not been rebutted by the Defendant; therefore, the Court finds that the Plaintiff is entitled to judgment as a matter of law, and that pursuant to 11 U.S.C. § 523(a)(2)(C), the debt, representing the luxury purchases made within sixty (60) days of filing of the Petition, in the amount of $16,700.50 is nondischargeable.

Alternatively, the Court finds that although $16,700.50 is nondischargeable as a result of the presumption in Plaintiff's favor, the Court would find that the full amount of charges, totalling $22,979.98, are nondischargeable under 11 U.S.C. § 523(a)(2)(A).

■ Courts in the Eleventh Circuit are bound by the decision in *First Nat'l Bank of Mobile v. Roddenberry*, 701 F.2d 927 (11th Cir.1983), in which the court rejected the "implied misrepresentation" doctrine of credit card fraud, following instead the "voluntary assumption of risk" doctrine. In essence, the court held that a creditor cannot succeed in proving a case under § 523(a)(2) alleging false representations or false pretenses, unless the creditor can prove that the debtor's credit privileges had been revoked. *Id.* This holding requires the creditor to prove that the debtor committed actual fraud. *Id.* To sustain an exception to discharge under § 523(a)(2)(A) for actual fraud, a creditor must prove by a preponderance of the evidence that

(1) the defendant made materially false representations;

(2) that at the time he made them he knew the representations were false;

(3) that he made them with the intention of deceiving the other party;

(4) that the other party relied upon those representations; and

(5) that the other party sustained damages as the proximate result of those misrepresentations.

*First Federal of Jacksonville v. Landen (In re Landen),* 95 B.R. 826, 828 (Bankr. M.D.Fla.1989) (Proctor, J.).

■ Plaintiff did not show that it had revoked the charging privileges of the Defendant. Therefore, it is required to show that the debts were incurred by actual fraud. Admission number 29 requested the Defendant to "[a]dmit that you incurred the charges ... by actual fraud." The Defendant did not respond; therefore, the Court finds that the debt is excepted from the Defendant's discharge as the debt was incurred by actual fraud. In addition to the admission of actual fraud, the Court finds that no genuine issue of material fact exists and it is conclusively proven that the Defendant did not intend to repay the Plaintiff when the charges were incurred. Admission number 14 requested the Defendant to "admit that at the time the transactions ... were incurred, you did not intend to make the payments as required by the account agreements." Defendant did not respond; therefore, the Court concludes that he did not intend to make payments at the time the debt was incurred. Therefore, the Court finds that no disputed issues of fact or unclear issues of law exist in this Proceeding that would warrant a denial of the Motion for Summary Judgment as to Count I, and the Court will enter a separate judgment in accordance with the foregoing.

■ .In addition to finding in Plaintiff's favor as to Count I, the Court further finds that judgment as a matter of law lies in favor of the Plaintiff on Count II of the Complaint, which is an objection to the Defendant's discharge based upon 11 U.S.C. § 727(a)(2)(A), (a)(4), and (a)(5).

Section § 727(a)(2)(A), (a)(4), and (a)(5) states in pertinent part:

(a) The court shall grant the debtor a discharge, unless—

(2) the debtor, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed—

(A) property of the debtor, within one year before the date of the filing of the petition; or

(4) the debtor knowingly and fraudulently, in or in connection with the case—

(A) made a false oath or account; or

(5) the debtor has failed explain satisfactorily, before determination of denial of discharge under this paragraph, any loss of assets or deficiency of assets to meet the debtor's liabilities.

11 U.S.C. § 727(a)(2)(A), (a)(4), and (a)(5)(1998). As found above, the Defendant made purchases of $16,700.50 for Persian rugs, antiques, artworks, collectibles, general merchandise, antique reproductions, and floor coverings, all of which are reflected on the account statements, attached to the Complaint. The Defendant admitted that the account statements were accurate. On Schedule B, Defendant listed a zero value for household goods and furnishings and in antiques. These items were not listed under any subcategory of Schedule B. The Statement of Financial Affairs fails to list any transfers, gifts, repossession or return of these items. The Court finds that these facts establish a failure on part of the Defendant to satisfactorily explain this loss of assets under 11 U.S.C. § 727(a)(5). The Court need not address the other remaining counts of 727 and will enter a separate judgment in accordance with the foregoing.

■ Addressing the last issue in the Plaintiff's Motion for Summary Judgment, based upon the Eleventh Circuit's holding in *TranSouth Financial Corp. of Florida v. Johnson,* 931 F.2d 1505 (11th Cir.1991), the Court believes that Plaintiff is entitled to attorney's fees in connection with this Proceeding as provided by the contract, which will be included in a separate judgment. Therefore, it is

**ORDERED:**

Plaintiff's Motion for Summary Judgment as to Count I and Count II is **granted.**