**Allen F. FEDDERSEN, dba Big Al's, dba D & A Sales, Debtor.**

**John Deere Community Credit Union, Plaintiff,**

**v.**

**Allen F. Feddersen, dba Big Al's, dba D & A Sales, Defendant.**

Bankruptcy No. 00–03300–C.
Adversary No. 01–9055–C.

United States Bankruptcy Court, N.D. Iowa.

Dec. 11, 2001.

734

Kenneth P. Nelson, Waterloo, IA, for Plaintiff.

Michael L. Mollman, Cedar Rapids, IA, for Debtor.

## RULING

PAUL J. KILBURG, Chief Judge.

This matter came before the undersigned for trial on October 18, 2001. Plaintiff John Deere Community Credit Union (the "Credit Union") was represented by attorney Kenneth P. Nelson. Attorney Michael L. Mollman represented Debtor/Defendant Allen Feddersen. After the presentation of evidence and argument, the Court took the matter under advisement. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I).

## STATEMENT OF THE CASE

The Credit Union asserts Debtor's credit card charges within 60 days before the petition date constitute nondischargeable debt under § 523(a)(2)(C), as consumer debt for luxury goods or services. Debtor argues the presumption of nondischargeability does not apply because the charges were legitimate and necessary for the continuing operation of his business.

## FINDINGS OF FACT

Debtor applied to the Credit Union for a credit card account with a limit of $5,000 in July 1993. He is the only person on the account and the limit has always been $5,000. At the time Debtor filed his Chapter 7 petition on December 22, 2000, Debtor owed approximately $4,900 on the account. Up to that time, Debtor had made at least minimum payments on the account and met all other requirements of the credit agreement.

In late October and early November 2000, within 60 days before filing his bankruptcy petition, Debtor charged approximately $2,098 on his credit card from purchases from McCormack Distributing of LeMars, Iowa. The Credit Union seeks to have this debt determined nondischargeable. The Credit Union has received a partial distribution from the Chapter 7 Trustee, reducing the amount now at issue to $1,774.53.

Debtor testified he was employed as a laborer at PMX at the time of filing, although he is currently laid off. He was also operating two businesses. D & A Sales was a vending machine business. Big Al's was a catering and restaurant business he began in the fall of 2000. Debtor testified he was trying to run these businesses for extra income to pay child support and because he was concerned about his continued employment with PMX.

Debtor testified the charges with McCormick Distributing were to purchase an ice cream machine and parts he needed to maintain it. McCormick Distributing sells appliances and equipment, as well as breading and other food products, to restaurant businesses. Debtor states he bought the ice cream machine from McCormick for his restaurant, Big Al's. He testified when he made the charges, he intended to pay them off but his financial situation soon became more difficult.

## CONCLUSIONS OF LAW

The Credit Union bears the burden to prove the elements of its claim under 11 U.S.C. § 523(a) by a preponderance of the evidence. *See Grogan v. Garner,* 498 U.S. 279, 285, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991). Exceptions to discharge must be "narrowly construed against the creditor and liberally against the debtor, thus effectuating the fresh start policy of the Code. These considerations, however, 'are applicable only to honest debtors.'" *In re Van Horne,* 823 F.2d 1285, 1287 (8th Cir.1987) (citations omitted).

■ Section 523(a)(2)(C) states that for purposes of § 523(a)(2)(A), which excepts from discharge debts obtained by false representation or actual fraud, "consumer debts owed to a single creditor and aggregating more than $1,075 for 'luxury goods or services' incurred by an individual debtor on or within 60 days before the order for relief under this title ... are presumed to be nondischargeable." 11 U.S.C. § 523(a)(2)(C). The creditor, to benefit from this presumption, must prove the debt is: 1) a consumer debt for luxury goods or services, 2) of an individual, 3) owed to a single creditor, 4) totaling more than $1,075, and 5) incurred within 60 days before the order for relief, i.e. the date of filing the Chapter 7 petition (11 U.S.C. § 301). *In re Dietz*, Adv. No. 95–2158KD, slip op at 3 (Bankr.N.D.Iowa March 4, 1996); *In re Tabar*, 220 B.R. 701, 705 (Bankr.M.D.Fla.1998).

■ The legislative history indicates that this presumption was meant to prevent "loading up" or credit buying sprees by consumers in contemplation of filing bankruptcy. *See In re Cron*, 241 B.R. 1, 7 (Bankr.S.D.Iowa 1999). The § 523(a)(2)(C) presumption is a rebuttable presumption which, once invoked, places the burden "upon the debtor to demonstrate that the debt was not incurred in contemplation of discharge in bankruptcy and thus a fraudulent debt." S.Rep. No. 65, 98th Cong., 1st Sess. 58 (1985). Evidence of the debtor's intent to repay, or nonfraudulent intent, which raises substantial doubt regarding the existence of the presumed intent can be sufficient to rebut the presumption. *Dietz*, slip op. at 3; *In re Larisey*, 185 B.R. 877, 881 (Bankr. M.D.Fla.1995). For example, in *In re Simos*, 209 B.R. 188, 195 (Bankr.M.D.N.C. 1997), the court found the debtor gave credible testimony rebutting the § 523(a)(2)(C) presumption of fraudulent intent where the debtor obtained a cash advance in order to put money into his restaurant business which he felt had a chance to survive financial difficulties. *Id.*

■ "Consumer debt" is defined in § 101(8) as a "debt incurred by an individual primarily for a personal, family or household purpose." In determining whether a particular debt is a consumer debt, the court considers the purpose for which the debt was incurred.

> If the credit transaction involves a profit motive, then it is not a consumer debt. On the other hand, if a debt does not involve a business transaction or potential profit motive, then the debt is ordinarily considered a consumer debt.

*In re Palmer*, 117 B.R. 443, 446 (Bankr. N.D.Iowa 1990) (Melloy, J.). For example, under § 523(a)(2)(C), a debtor's purchase of a tanker of gasoline for her store was not a consumer transaction as it was not primarily for personal, family or household purposes, but for a commercial purpose. *In re Kountry Korner Store*, 221 B.R. 265, 270 (Bankr.N.D.Okla.1998). To determine whether a consumer debt is for luxury goods or services, the Court looks at the circumstances surrounding the purchase and considers whether the purchases serve any significant family function or evidence some fiscal responsibility. *Tabar*, 220 B.R. at 704.

## ANALYSIS

■ Debtor is an individual who charged more than $1,075 on his account with Plaintiff within 60 days before he filed his Chapter 7 petition. Thus, four of the § 523(a)(2)(C) elements are satisfied. The most significant element, however, requires proof that the debt is a consumer debt for luxury goods or services.

Debtor testified he purchased an ice cream machine and related parts from McCormick Distributing. McCormick

sells appliances and food stuff to restaurant businesses. Debtor was operating a restaurant business. Plaintiff has not offered any evidence that Debtor made the purchases from McCormick for other than a commercial purpose. The charges were not intended primarily for personal, family or household purposes. Therefore, it is not a "consumer debt". The record does not support a conclusion that the debt to Plaintiff is nondischargeable under § 523(a)(2)(C).

**WHEREFORE,** the debt owed to John Deere Community Credit Union is not excepted from discharge under § 523(a)(2)(C).

**FURTHER,** the Credit Union's Complaint to Determine Dischargeability of Debt is DENIED.

**FURTHER,** the Credit Union's claim is DISCHARGED.