In the Matter of Jennifer Lynn
HASBROOK, Debtor.

Jennifer Lynn Hasbrook, Plaintiff,

v.

Citibank and Educational Credit
Management Corp.,
Defendants.

Bankruptcy No. 95–32902 HCD.
Adversary No. 02–3001.

United States Bankruptcy Court,
N.D. Indiana,
South Bend Division.

Nov. 6, 2002.

William L. Hoehner, Esq., South Bend, IN, attorney for debtor.

Stacia L. Yoon, Esq., Kopko Genetos & Retson LLP, Merrillville, IN, attorney for defendant Educational Credit Management Corporation.

## MEMORANDUM OF DECISION

HARRY C. DEES, Jr., Bankruptcy Judge.

Before the court are the Complaint to Determine Dischargeability of Student Loan, filed by the debtor Jennifer Lynn Hasbrook ("debtor" or "plaintiff"), and the Motion for Summary Judgment of the defendant Educational Credit Management Corporation ("ECMC"). The debtor asked the court to determine that her student loan debt to the defendants was dischargeable pursuant to 11 U.S.C. § 523(a)(8). ECMC sought to have the debt excepted from discharge. For the reasons that follow, the court grants ECMC's Motion for Summary Judgment and finds that the student loan debt is nondischargeable as a matter of law.

### Jurisdiction

Pursuant to 28 U.S.C. § 157(a) and Northern District of Indiana Local Rule 200.1, the United States District Court for the Northern District of Indiana has referred this case to this court for hearing and determination. After reviewing the record, the court determines that the matter before it is a core proceeding within the meaning of § 157(b)(2)(I) over which the court has jurisdiction pursuant to 28

U.S.C. §§ 157(b)(1) and 1334. This entry shall serve as findings of fact and conclusions of law as required by Federal Rule of Civil Procedure 52, made applicable in this proceeding by Federal Rules of Bankruptcy Procedure 7052 and 9014. Any conclusion of law more properly classified as a factual finding shall be deemed a fact, and any finding of fact more properly classified as a legal conclusion shall be deemed a conclusion of law.

### Background

The debtor filed her Complaint to Determine Dischargeability of Student Loan on January 9, 2002. In the complaint she alleged that the claim of the defendant Citibank, in the amount of $27,245.83, was based upon an August 1989 promissory note for the repayment of a student loan. The debtor filed a chapter 13 petition on December 12, 1995. She asked the court to find the debt dischargeable under 11 U.S.C. § 523(a)(8)(B) of the Bankruptcy Code[1] on the ground that payment of the debt would impose an undue hardship upon her and her dependent. On February 28, 2002, ECMC, an assignee of the loans guaranteed by USA Funds for the lender Citibank, was joined with that defendant. ECMC answered the plaintiff-debtor's complaint, denying the essential elements of the complaint. The court then issued its scheduling order in anticipation of a trial on the matter.

On April 5, 2002, ECMC propounded Requests for Admissions upon the debtor. In the requests, the debtor was asked to admit or deny the following statements: that she executed the notes giving rise to her student loans, that the loans were due and owing in the amounts set forth, that she could afford to make reasonable payment toward the debts until the debts were paid in full, that she was not disabled, and that excepting the loans from discharge would not impose an undue hardship upon her and her dependent. The requests were to be answered within thirty days after service.

On June 19, 2002, ECMC filed its Motion for Summary Judgment. The defendant asserted that there was no genuine issue as to any material fact and that the plaintiff was not entitled to the discharge of her student loans. According to ECMC, the debtor had failed to respond to the Requests for Admissions. It argued that, pursuant to Federal Rule of Bankruptcy Procedure 7036, the matters set forth in the Requests for Admission are now admitted. The debtor, by not answering the requests, admitted that (1) she can afford to make payment of a reasonable amount until the debts are paid in full, (2) she is not permanently disabled, and (3) excepting the notes from discharge under § 523(a)(8) will not impose an undue hardship.

The debtor failed to respond to the Motion for Summary Judgment. On August 7, the court took the summary judgment motion under advisement.

### Discussion

This court shall enter summary judgment if the moving party shows that there is no genuine issue as to any material fact and that it is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); Fed. R. Bankr.P. 7056(c). Rule 56(c) requires that summary judgment be granted "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case,

---

1. The "undue hardship" exception appeared in § 523(a)(8)(B) until 1998, at which time Congress amended the statute by incorporating the subsection (B) exception into the body of § 523(a)(8). The "undue hardship" language of the provision did not change.

and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *see also* N.D. Ind. L.B.R. B–7056–1 ("In determining the motion for summary judgment, the court will assume that the facts as claimed and supported by admissible evidence by the moving party are admitted to exist without controversy, except to the extent that such facts are controverted in the 'Statement of Genuine Issues' filed in opposition to the motion . . . .").

 The defendant ECMC asserts that there are no genuine issues of material fact because the debtor, by failing to respond to ECMC's Requests for Admissions, has admitted the elements essential to her case. Requests for admission are governed by Federal Rule of Bankruptcy Procedure 7036. The party serving the request asks the other party to admit the truth of certain matters in order to satisfy its burden of proving factual issues in the case. *See* Fed. R. Bankr.P. 7036(a). "If the opponent fails to consider the request, the factual issue is deemed admitted." *Household Credit Servs., Inc. v. Jacobs (In re Jacobs)*, 196 B.R. 429, 431 (Bankr. N.D.Ind.1996); *see also American Express Travel Related Servs. Co., Inc. v. Tabar (In re Tabar)*, 220 B.R. 701, 704 (Bankr. M.D.Fla.1998) (finding that the admissions to which the debtor did not respond were deemed admitted and were conclusively established). "Any matter admitted under [Rule 7036] is conclusively established unless the court on motion permits withdrawal or amendment of the admission." Fed. R.Bankr.P. 7036(b). Under this rule, therefore, summary judgment properly may be granted on the basis of unanswered requests for admissions if the facts as admitted are dispositive. *See Sadowsky v. Larson (In re Larson)*, 169 B.R. 945, 954 (Bankr.D.N.D.1994) (citing 4A Moore's

Federal Practice ¶ 36.08, at 36–75 (2d ed.1994) and cases).

The debtor, in her complaint, asserts that her student loan debts to the defendant should be discharged under 11 U.S.C. § 523(a)(8). That provision of the Bankruptcy Code states:

§ 523(a) A discharge . . . does not discharge an individual debtor from any debt—

(8) for an educational benefit overpayment or loan made, insured or guaranteed by a governmental unit, or made under any program funded in whole or in part by a governmental unit or nonprofit institution, or for an obligation to repay funds received as an educational benefit, scholarship or stipend, unless excepting such debt from discharge under this paragraph will impose an undue hardship on the debtor and the debtor's dependents.

Once the defendant filed its Motion for Summary Judgment, the plaintiff was required to make a showing sufficient to establish the existence of an element essential to that party's case, an element on which that party will bear the burden of proof at trial. *See Weiss v. People Savings Bank (In re Three Partners, Inc.)*, 199 B.R. 230, 235 (Bankr.D.Mass.1995) (finding that defendant, by not submitting an affidavit demonstrating a genuine issue of material fact, failed to show sufficient basis for establishing the essential elements of case).

 Section 523(a)(8) requires the debtor to demonstrate undue hardship by showing

(1) that the debtor cannot maintain, based on current income and expenses, a "minimal" standard of living for [himself] and [his] dependents if forced to repay the loans;

(2) that additional circumstances exist indicating that this state of affairs is

likely to persist for a significant portion of the repayment period of the student loans; and

(3) that the debtor has made good faith efforts to repay the loans.

*In re Roberson*, 999 F.2d 1132, 1135 (7th Cir.1993) (quoting *Brunner v. New York State Higher Education Services Corp.*, 831 F.2d 395, 396 (2d Cir.1987) (per curiam)). In this case, the debtor has admitted that she can afford to make reasonable payments until the debts are paid, that she is not permanently disabled, and that excepting the ECMC's loans from discharge will not impose an undue hardship upon her and her dependent.

The court finds that the admissions have established that there are no issues of material fact. The court further finds that the debtor has failed in her burden of demonstrating undue hardship, both by admitting that her payments over time are affordable within a minimal standard of living, and also by failing to demonstrate that she has made a good faith effort to repay the loan. The deemed admitted facts are sufficient to establish as a matter of law that the debtor's student loan debt should be excepted from discharge. *See In re Tabar*, 220 B.R. at 705; *cf. Staggs v. Forrester (In re Staggs)*, 177 B.R. 92, 96 (N.D.Ind.1995). On that ground, the court grants summary judgment to ECMC and finds that the student loan debt is not dischargeable.

SO ORDERED.